UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS SEAN BODWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-276-AGF |
| | ) | |
| UNKNOWN MUMFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's first amended complaint. For the reasons stated below, the Court will instruct plaintiff to file a second amended complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The First Amended Complaint

Plaintiff, an inmate at the Medium Security Institution, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983 against defendants City of St. Louis and John and Jane Does 1-20. Plaintiff is suing the individual defendants in their individual capacities. Plaintiff states that, on July 27, 2012, he suffered severe burns to 60-70 percent of his body. His allegations arise out of alleged Fourteenth Amendment violations relative to defendants' lack of medical care and deliberate indifference to his serious medical needs.

## Discussion

The Court has reviewed the first amended complaint under 28 U.S.C. § 1915 and believes that, although plaintiff may be able to assert claims based upon the denial of his Fourteenth Amendment rights, he has failed to state a claim or cause of action against the named defendants at this time. A municipal entity, such as the City of St. Louis, is subject to liability under § 1983 only if the alleged constitutional deprivation is the result of an official policy or custom of the municipality. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 691 (1978). In the first amended complaint, plaintiff alleges no facts relative to the City of St. Louis' policies or customs.

As to the twenty John and Jane Doe defendants, the Court notes that, in general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994); *see also Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not

permissible). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Moreover, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff).

In the instant case, plaintiff states that the twenty Doe defendants "are individuals, employees and servants of Defendant City of St. Louis, who have decision-making responsibility for the care and treatment of individuals who are in the custody of the Defendant City of St. Louis."

The Court finds that plaintiff has not properly identified any of the Doe defendants and has failed to state a § 1983 claim against them. There are no allegations indicating how or in what respect the Doe defendants were directly responsible for the deprivation of plaintiff's constitutional rights. In this regard, the Court notes that the respondeat superior theory of liability is inapplicable in § 1983 suits, *see Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995), and therefore, mere "decision-making responsibility" for the care and treatment of individuals in the care or custody of the City of St. Louis does not rise to the level of a § 1983 claim.

The Court will instruct plaintiff to file a second amended complaint in accordance with this Memorandum and Order.

Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is advised that his second amended complaint will replace his original and first amended complaints and will be the only complaint this Court reviews.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff shall file a second amended complaint **on or before April 5, 2013**, that complies with this Memorandum and Order.

Dated this 18th day of March, 2013.

*/s/ Audrey G. Fleissig*
**UNITED STATES DISTRICT JUDGE**